CITY OF JACKSONVILLE v. Charles MARTIN

85-57                                                    692 S.W.2d 226

Supreme Court of Arkansas
Opinion delivered June 24, 1985

*Keith Vaughn, P.A.*, for appellant.

*Lesly W. Mattingly*, for appellee.

JACK HOLT, JR., Chief Justice. This appeal is from an injunction granted in favor of the appellee, a police officer, against the City of Jacksonville, enjoining the city "from pursuing a

practice whereby the plaintiff (appellee) is required to accept regular pay for hours in excess of 40 per week, . . . and, from treating any of the plaintiff's (appellee's) normal days off as vacation." This case was certified to us by the court of appeals as presenting a question of statutory construction. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(c).

Appellee filed suit in chancery court contending that the City of Jacksonville has devised a scheme and plan which violates the laws of the State of Arkansas as they relate to the working conditions of the appellee and that the appellant should be permanently enjoined and restrained from engaging in such conduct. He also asked that the appellant be directed to pay appellee's attorney's fees and costs.

Appellant responded to this complaint with an answer and motion to dismiss, stating in part, that appellee has an adequate remedy at law and that equitable relief is not appropriate. We agree.

The issue presented is a dispute over the proper method of determining overtime and vacation compensation. The controlling statute on compensation for police officers is Ark. Stat. Ann. § 19-1712 (Repl. 1980). Whether or not the appellee is entitled to certain compensation for work in excess of 40 hours per week is a question of law for which there is an adequate remedy in circuit court. In addition to the appellee's action at law for back pay, Ark. Stat. Ann. § 34-2502 (Repl. 1962) and Ark. R. Civ. P. 57 permit a declaratory judgment to be sought for the purpose of determining a controversy as to statutory interpretation. Injunctive relief however was not an appropriate remedy because it is not proper for the judiciary to issue a continuing injunction requiring the City of Jacksonville to determine the question of compensation correctly throughout the indefinite future. *Young v. Clayton*, 223 Ark. 1, 264 S.W.2d 41 (1954).

The appellant's motion to dismiss should have been treated as a motion to transfer to circuit court. Accordingly we reverse the trial court and remand with instructions to transfer the proceedings to circuit court.

Reversed and remanded.

GEORGE ROSE SMITH, JR., not participating.